IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION 94-00053-KD |
| | ) |
| RONALD CURRY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Ronald Curry's Motion to Set Aside and/or Run Sentences Concurrent (Doc. 572). Upon consideration and for the reasons set forth herein, the Motion is DENIED.[1]

On June 30, 1994, Curry pled guilty to interstate travel or transportation in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952. (Doc. 243). Curry was sentenced to a 60-month term of imprisonment and three (3) years of supervised release. (Doc. 336). He was released from federal prison in September 1997, but his term of supervised release was revoked on August 25, 1998, and he was sentenced to 24-months for the revocation violation. (Doc. 479). The sentence was not imposed to serve concurrent with any state or federal sentence.

At this time, Curry was in the custody of the State of Alabama. Later, the state court sentenced him to life without parole. In 2001, 2002, and 2011, Curry moved this Court to modify his revocation sentence to serve concurrent with his state sentence. His motions were denied (Docs. 524, 528, 555)

Again, Curry requests modification of his federal sentence to serve concurrent with his

---

[1] Curry's requests for appointment of counsel and for a hearing are denied.

1

state sentence, such that should he be released from state custod, he would not serve his federal sentence. In support, Curry states he has served 25 years of incarceration and "completed classes and programs," but he fails to cite any legal or statutory grounds for modifying his sentence.

"A district court has no inherent authority to modify a defendant's sentence and may do so 'only when authorized by a statute or rule.'" United States v. Cross, 2023 WL 6475466 (11th Cir. Oct 5, 2023). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute … § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements… 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, …. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met … § 3582(c)(2)." United States v. Phillips, 597 F.3d 1190, 1194-1195 (11th Cir. 2010). Since none of these grounds have been alleged, and do not appear to exist, the Court is without any grounds to modify Curry's sentence. Accordingly, his motion is DENIED.

**DONE** and **ORDERED** this the 2nd day of April 2024.

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**